UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLEN M. "MAC" WILLIAMS,

      Plaintiff,

v.                          CASE No. 8:15-CV-288-T-30TGW

JUSTIN CASE, etc., *et. al.*,

      Defendants.

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration upon the plaintiff's Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 (Doc. 2). The plaintiff alleges that he was unlawfully arrested, battered, and falsely imprisoned. Because the pleading is procedurally and substantively deficient, I recommend that the plaintiff's complaint be dismissed.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee, and a statement of the nature of the action which shows that he is entitled

to redress.  Even if the affiant proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. 1915(e)(2)(B)(i), (ii).  At the outset, it is noted that the plaintiff lists in his application that he receives a monthly retirement income, has $500 in a bank account, and assets of $3,000. Therefore, it is not apparent from this affidavit that he is unable to pay the filing fee.

Regardless, the plaintiff's complaint is a rambling, disjointed 57-page document (with an additional 13 pages of exhibits) that does not comply with the Federal Rules of Civil Procedure.  It clearly does not contain a short plain statement of the claim, and certainly does not delineate the alleged causes of action into counts with the pertinent facts supporting each claim. See Rules 8(a), 10(b), F.R.Civ.P.  Rather, the complaint contains more than one hundred paragraphs of alleged "facts common to all claims" and nine counts of purported violations.    Thus,   the plaintiff's complaint is the antithesis of a short plain statement of his claim.

In sum, even construing the plaintiff's complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the

plaintiff's complaint is procedurally deficient and fails to state a claim on which relief may be granted. Accordingly, the complaint should be dismissed. <u>See</u> 28 U.S.C. 1915(e)(2)(B)(ii). In this circumstance, however, it is appropriate to permit the plaintiff to file an amended complaint. <u>See</u> <u>Troville</u> v. <u>Venz</u>, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002)(§1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an <u>in forma pauperis</u> complaint without allowing leave to amend as permitted under Rule 15, F.R. Civ. P.). I therefore recommend that the complaint be dismissed, but allow the plaintiff to file within thirty days an amended complaint that complies with the Federal Rules of Civil Procedure. The plaintiff must also include a supplement explaining his inability to pay the filing fee.

Respectfully submitted,

THOMAS G. WILSON
DATED: Feb. 23 , 2015   UNITED STATES MAGISTRATE JUDGE


NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date

of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).