# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ALLEN M. "MAC" WILLIAMS,

     *Pro se* Plaintiff,

v.                                       Case No: 8:15-cv-288-T-30TGW

JUSTIN CASE, et al.,

     Defendants.

_____

## ORDER

THIS CAUSE comes before the Court upon Defendants' motions to dismiss (Dkts. 12 & 13) and *Pro Se* Plaintiff's responses thereto (Dkts. 25 & 29).  Upon review and consideration, the Court grants in part and denies in part the motion to dismiss filed by Defendants Justin Case, Brian Bernd, and City of New Port Richey, and grants in its entirety the motion to dismiss filed by Defendants Chris Nocco and Corporal Derouin. As explained below, the Court also dismisses Defendant Bernie McCabe because State Attorney McCabe is entitled to absolute immunity.

## BACKGROUND

Plaintiff Allen M. "Mac" Williams brings this action *pro se* against Defendants alleging violations of his civil rights under 42 U.S.C. § 1983 and several related state-law claims.  Specifically, Plaintiff alleges that he is sixty-five years old and lives in a home in New Port Richey, Florida.  Defendants Justin Case and Brian Bernd are City of New Port

Richey police officers.  On the night of August 25, 2014, at approximately 9:30 p.m., Plaintiff was outside his home, standing on his driveway and patio area, having a "not uncommon" argument with several neighbors across the street.  During the argument, Plaintiff observed two City of New Port Richey Police Department (NPRPD) vehicles park on the street along Plaintiff's fence.  Officer Bernd exited one of the vehicles and walked across the street to the neighbor's home.  Officer Case exited the other vehicle and stood about 35 feet from Plaintiff.  Plaintiff, who has poor eye sight, asked Case who he was; Case replied "You know who I am."  Plaintiff responded that he could not see Case because Plaintiff's eyes were "bad" and asked Case: "What is your name, dude?"  Plaintiff alleges that calling Case "dude" angered Case because Case immediately charged at Plaintiff, yelling that he was not Plaintiff's "dude."  Case then ordered Plaintiff to put his hands behind his back and forced Plaintiff on his knees and stomach on the cement patio.  Plaintiff was wearing only knit shorts.  Plaintiff's knee was injured.  His glasses fell off and were broken.

After "manhandling" Plaintiff to the ground, Case forced Plaintiff's hands together behind his back and handcuffed him in a "hog-tie" style.  Case did not tell Plaintiff that he was under arrest.  At no time did Plaintiff resist Case or act in a violent manner.  Bernd then came over and escorted Plaintiff into the back of his squad car and drove Plaintiff to the NPRPD holding cell.  Bernd did not inform Plaintiff that he was under arrest.

Plaintiff alleges that later that night, Case prepared a false Probable Cause Affidavit.  Case and Bernd also conspired and prepared a false Incident Detail Report.  The Probable Cause Affidavit and Incident Report were forwarded to the State Attorney's office for the Sixth Judicial Circuit.[1]  Plaintiff alleges that on or about September 22, 2014, the State Attorney's office concluded that Plaintiff's arrest was "unlawful."  The charges against Plaintiff were subsequently dropped.

Plaintiff alleges that Defendant City of New Port Richey had a policy, custom, and pattern of employing officers that committed false arrests, utilized excessive and unnecessary force, and provided false or misleading statements in their incident reports.  Plaintiff includes in his amended complaint examples of false arrests and arrests involving excessive force against other citizens by various officers from the NPRPD.

With respect to Defendant Corporal Derouin, Plaintiff alleges that, while at the Pasco Jail, Plaintiff was placed under Corporal Derouin's custody.  Corporal Derouin never put Plaintiff in communication with a public defender.  Corporal Derouin did not inform Plaintiff of the nature and cause of the accusations against him.  Plaintiff also alleges that he was not permitted to use the booking desk phone.  Instead, Plaintiff was referred to phones that required a PIN, which he had trouble reading.

---

[1] Defendant Bernie McCabe is the State Attorney for the Sixth Judicial Circuit.  The claim against State Attorney McCabe is unclear.  Nonetheless, as explained further herein, any claim against State Attorney McCabe is legally insufficient and will be dismissed.

Plaintiff's amended complaint, although not a model of clarity, alleges section 1983 claims against each Defendant.  Plaintiff also alleges various state-law claims. Defendants Case and Bernd argue that they are entitled to qualified immunity.  Defendant City of New Port Richey argues that the claims against it are insufficiently pled. Defendants Corporal Derouin and Sheriff Chris Nocco argue that Plaintiff's claims against them do not amount to constitutional violations.

As explained below, the Court concludes that Plaintiff's amended complaint is sufficient to state a claim against Case, in his individual capacity, Bernd, in his individual capacity, and City of New Port Richey.  Case and Bernd's qualified immunity argument fails at this stage.  The remaining Defendants will be dismissed.

## LEGAL STANDARDS

### I.    Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted.  When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  On the contrary, legal conclusions "must be supported by factual allegations."  *Id.*  Indeed,

4

"conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

Although the Court may hold a *pro se* litigant to "a less stringent standard," the *pro se* litigant may not rely on conclusory allegations or legal conclusions in the place of factual allegations to overcome a motion to dismiss. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1999).

## II.     Section 1983 Claims and Qualified Immunity

Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Thus, to state a prima facie claim under section 1983, Plaintiff must establish that (1) Defendants' conduct caused the constitutional violation, and (2) the challenged conduct was committed "under color of state law." *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1276-77 (11th Cir. 2003).

Defendants argue, in relevant part, that they are entitled to qualified immunity. The Eleventh Circuit explains that:

> When government officials act in a way that knowingly violates a clearly established statutory or constitutional right of which a

5

reasonable person would have known, they are not immune from suit and may be held liable for the damage their actions caused. *Harlow v. Fitzgerald,* 457 U.S. 800, 818-19, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). But when these same officials make decisions that do not knowingly violate such rights, they are not required to defend themselves in a lawsuit seeking damages. *Id.* They are "immune" from suit. *Id.* We call this defense "qualified immunity" because the official is immune from a damage lawsuit, qualified upon his ability to show that he did not knowingly violate the plaintiff's clearly established constitutional right. *Id.*

*Ray v. Foltz,* 370 F.3d 1079, 1081-82 (11th Cir. 2004). A plaintiff withstands a motion to dismiss predicated on qualified immunity by alleging "sufficient facts to support a finding of a constitutional violation of a clearly established law." *Chandler v. Sec'y of Fla. Dep't of Transp.,* 695 F.3d 1194, 1198 (11th Cir. 2012) (citing *Oliver v. Fiorino,* 586 F.3d 898, 905 (11th Cir. 2009)); *see also Andreu v. Sapp,* 919 F.2d 637, 639 (11th Cir. 1990) ("[T]he defendant is entitled to dismissal when the plaintiff has failed to *allege* a violation of a clearly established right.") (emphasis in original).

## DISCUSSION

## I.   Claims against Defendants' Case and Bernd

Plaintiff alleges various section 1983 claims and related state-law claims against Case, Bernd, and City of New Port Richey.[2]  Specifically, Plaintiff avers that Case and

---

[2] Plaintiff sues Case and Bernd in their individual and official capacities. The official capacity claims are redundant because these claims are essentially against City of New Port Richey, a Defendant in this case. Thus, the official capacity claims against Case and Bernd are dismissed with prejudice. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)).

Bernd arrested him without any basis.  Plaintiff also claims that they utilized excessive force and held Plaintiff against his will.

Defendants Case and Bernd argue they are entitled to qualified immunity.  The Court disagrees at this stage.

The Court construes Plaintiff's section 1983 allegations against Case and Bernd as a claim for violation of the Fourth Amendment's prohibition against unreasonable search and seizure.  An arrest without probable cause violates the Constitution and provides a basis for a section 1983 claim, but the existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest.  *See Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010). With regard to a qualified immunity analysis, however, the issue is not whether there was probable cause, but whether there was "arguable probable cause."  *See Crosby v. Monroe Cnty.*, 394 F.3d 1328, 1332 (11th Cir. 2004).  "Arguable probable cause exists if, under all of the facts and circumstances, an officer reasonably could - not necessarily would - have believed that probable cause was present."  *Id*.

In addition, "the Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest."  *Lee v. Ferraro*, 284 F.3d 1188, 1197 (11th Cir. 2002) (citing *Graham v. Connor*, 490 U.S. 386, 394-95 (1989)).  The Eleventh Circuit has "repeatedly ruled that a police officer violates the Fourth Amendment, and is denied qualified

7

immunity, if he or she uses gratuitous and excessive force against a suspect who is under control, not resisting, and obeying commands." *Saunders v. Duke*, 766 F.3d 1262, 1265 (11th Cir. 2014) (citing *Priester v. City of Riviera Beach, Fla.*, 208 F.3d 919, 927 (11th Cir. 2000)).

Plaintiff alleges that he was outside his home, arguing with his neighbors across the street, when Case charged him and threw him to the ground.  Plaintiff did not act violently towards Case or resist Case in any way.  There was no basis for Case's actions.  Case did not tell Plaintiff that he was under arrest.  Plaintiff was wearing only a pair of shorts and suffered physical damage to his body when he was pushed on the hard pavement and handcuffed in a "hog-tie" manner.  Plaintiff also suffered emotional and psychological trauma as a result of the false arrest.  Bernd assisted Case and Bernd placed Plaintiff in his vehicle.  Bernd did not tell Plaintiff that he was under arrest.  These facts, construed liberally, are sufficient to state constitutional violations.  Indeed, these allegations suggest an absence of arguable probable cause for Plaintiff's arrest.  Bernd and Case argue, in a conclusory fashion, that they are entitled to qualified immunity.  This is insufficient at this stage.

However, to the extent that Plaintiff is attempting to state a claim for federal false imprisonment under section 1983, he does not allege sufficient facts.  Plaintiff provides no facts regarding the length of his detention or the Officers' knowledge during his detention that informed them that he was entitled to release.  This Fourteenth Amendment

claim is more akin to the Fourth Amendment false arrest claim, making it duplicative. *See Galloway v. City of Abbeville, Ala.*, 871 F. Supp. 2d 1298, 1309 (M.D. Ala. 2012) (dismissing federal false imprisonment claim and stating that "a brief detention is more properly addressed under the Fourth Amendment.").

In sum, Plaintiff alleges sufficient section 1983 claims of false arrest and excessive force against Case and Bernd. For these same reasons, Plaintiff's state-law claims of false arrest, battery, and assault survive at this stage. The remaining state-law claims of false imprisonment, reckless endangerment, malicious prosecution, and libel are legally insufficient and dismissed with prejudice.[3]

## II.   Claims against City of New Port Richey

To state a section 1983 claim against a municipality, Plaintiff must allege that the execution of a government entity's official custom or policy caused the constitutional injury. *Monell,* 436 U.S. at 694. Plaintiff must establish that (1) his constitutional rights were violated, (2) the municipality had a custom or policy that constituted deliberate indifference to that right, and (3) the policy or custom caused the constitutional violation. *See McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

---

[3] Notably, "[a] police officer who arrests a suspect but does not make the decision of whether or not to prosecute cannot be liable for malicious prosecution under § 1983." *Derosa v. Rambosk,* 732 F. Supp. 2d 1285, 1301 (M.D. Fla. 2010) (citing *Eubanks v. Gerwen,* 40 F.3d 1157, 1160-61 (11th Cir. 1994)).

Defendant City of New Port Richey argues, in a conclusory fashion, that Plaintiff does not allege adequate facts of a policy, plan, or custom.  The Court disagrees.  Plaintiff alleges that City of New Port Richey had a custom of encouraging its officers to falsely arrest innocent citizens and utilize excessive force; this custom and practice caused Plaintiff's false arrest and the related excessive force.  Plaintiff's amended complaint includes examples of an alleged widespread practice of City of New Port Richey condoning or encouraging its officers to arrest citizens without probable cause and in a manner that utilized unreasonable force under the circumstances.  Accordingly, Defendant City of New Port Richey's motion to dismiss is denied at this stage.

## III.    Claim against State Attorney McCabe

It is unclear what legal claims Plaintiff is attempting to assert against State Attorney McCabe.  However, under the facts alleged, any such claim would fail.  "Prosecutors acting within the scope of their prosecutorial duties enjoy absolute immunity from suit under § 1983."  *Jarallah v. Simmons*, 191 Fed. Appx. 918, 921 (11th Cir. 2006) (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976)).  Initiating a case, which would include a first appearance, is within the scope of prosecutorial duties.  *See id.*  Accordingly, State Attorney McCabe is entitled to absolute immunity for the conduct of which Plaintiff complains.

**IV.      Claims against Corporal Derouin, Chris Nocco, and "John Does"**

Plaintiff sues Corporal Derouin, Pasco Sheriff Chris Nocco, and "John Does" for deprivation of liberty without due process under the Fifth and Fourteenth Amendments, deprivation of assistance of counsel under the Sixth Amendment, deprivation of the right to be informed of the nature and cause of accusations against him under the Fourth Amendment, and deprivation of the right to equal protection under the Fourteenth Amendment.  As Corporal Derouin points out, none of these claims against him amount to constitutional violations.  Thus, they should be dismissed.  For these same reasons, the official capacity claims against Sheriff Nocco should be dismissed.

Specifically, Plaintiff does not allege any facts linking Derouin and Nocco's actions to a constitutional violation.  Plaintiff states that prior to his First Appearance, Derouin refused to place him in touch with counsel and that when Plaintiff requested a lawyer, Derouin filled in some type of form with all zeroes and circled all "no's." Plaintiff also alleges that the jail's phones required a PIN that essentially precluded Plaintiff from making a phone call.

There is no authority in this Circuit that indicates that arrestees are constitutionally entitled to have *jail deputies* put them in touch with public defenders upon arrest.  In fact, "[t]he Supreme Court has clearly held that this right [to counsel] attaches 'at or after the initiation of adversary judicial proceedings - whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.'"      *United States v.*

*Montaner*, No. 10-20289-CR, 2012 WL 442985, at *5 (S.D. Fla. Jan. 23, 2012) (quoting

*Kirby v. Illinois*, 406 U.S. 682, 689 (1972)).

There is also no authority in this Circuit that establishes a constitutional violation based on a jail deputy's failure to inform an arrestee of the nature or cause of the accusations against him. And Plaintiff's claim related to his use of the jail phone is without merit.

Finally, Plaintiff's vague claims against an unidentified "John Doe" Defendant are also dismissed.

## CONCLUSION

For the reasons explained herein, it is ORDERED and ADJUDGED that:

1.   The Motion to Dismiss filed by Defendants Justin Case, Brian Bernd, and City of New Port Richey (Dkt. 12) is granted in part and denied in part.

2.   The Motion to Dismiss filed by Defendants Sheriff Nocco and Corporal Derouin (Dkt. 13) is granted.

3.   Defendants State Attorney Bernie McCabe, Sheriff Chris Nocco, Corporal Derouin, and John Doe are dismissed. The Clerk of Court is directed to terminate these Defendants.

4.   Defendant McCabe's Motion for Extension (Dkt. 22) is denied as moot.

5.      Defendants Justin Case, Brian Bernd, and City of New Port Richey

shall file an answer to the amended complaint within fourteen (14)

days of this Order.

**DONE and ORDERED** in Tampa, Florida on April 30, 2015.


_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
Counsel/Parties of Record

S:\Even\2015\15-cv-288.mts-dismiss-section-1983.wpd